IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NEHEMIAH MUZAMHINDO,<br>*Plaintiff,* | § § § § § § § § § § | |
| -vs- | | EP-18-CV-00203-KC-RFC |
| WARDEN WEST TEXAS DETENTION FACILITY, DIRECTOR IMMIGRATION AND CUSTOMS ENFORCEMENT, SECRETARY DEPARTMENT OF HOMELAND SECURITY, CEO SECURUS TECHNOLOGIES, TELEPHONE SERVICE CO.,<br>*Defendants.* | | |

## REPORT AND RECOMMENDATION

On this day the Court considered the above-captioned case. Plaintiff Nehemiah Muzamhindo, proceeding *pro se*, filed suit under 42 U.S.C. 1983. After due consideration, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that the case should be **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

Muzamhindo is currently incarcerated in West Texas Detention Center ("WTDC") located in Sierra Blanca, Texas, awaiting deportation to his home country of Zimbabwe. (ECF. No. 7: 1). Starting from April 24, 2018, Muzamhindo made interstate telephone calls from WTDC and was charged 21 cents per minute plus applicable sales tax for these calls. (*Id*. at 2–4)

Muzamhindo believes these rates were excessive and in violation of the Federal Communications Commission's ("FCC") Proposed Order, which capped inmate telephone rates at 11 cents per minute. (*Id*. at 2–3). Muzamhindo attempted to dispute these charges by making a formal complaint via the administrative remedy procedures available at WTDC and speaking to federal immigration officers who regularly visit WTDC. (*Id*.). These attempts to dispute these

1

charges were unsuccessful. (*Id.* at 3). Subsequently, Muzamhindo filed suit under 42 U.S.C. 1983 seeking to enforce FCC's proposed rates, which capped telephone rates for inmate calling services at 11 cents per minutes.

## II. LEGAL STANDARD

28 U.S.C. § 1915 instructs that a court "shall" dismiss an *in forma pauperis* complaint at any time, if it determines that the complaint is frivolous or it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (2012). Further, the court may *sua sponte* dismiss on these grounds, even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). The standard under § 1915(e)(2)(B) for dismissing a frivolous complaint applies to both prisoner and non-prisoner complaints. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam) (affirming dismissal based on § 1915(e)(2)(B) in a non-prisoner case).

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)).

To determine whether a complaint fails to state a claim upon which relief may be granted, courts engage in the same analysis as when ruling on a motion for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). To meet this pleading standard, the complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

### III. ANALYSIS

In 2013, the FCC issued an interim order imposing rate caps for interstate inmate calling services ("ICS") calls. *In the Matter of Rates for Interstate Inmate Calling Services,* 28 FCC Rcd. 14107, 14132–33 (2013) [Hereinafter "*Interim Order*"]. ICS providers petitioned the DC Circuit Court of Appeals for review, and the court stayed the application of certain portions of

the *Interim Order* but allowed its interstate rate caps to remain. *See Global Tel*Link v. FCC*, 866 F.3d 397, 405 (D.C. Cir. 2017) (citing Order, *Securus Techs. v. FCC*, No. 13-1280 (D.C. Cir. Jan. 13, 2014)).

In 2015, the FCC set permanent rate caps for interstate and intrastate ICS calls. *In the Matter of Rates for Interstate Inmate Calling Services*, 30 FCC Rcd. 12763, 12775–76 (2015) [hereinafter "*Order*"]. The rate caps were set for four categories: "all prisons" and three tiers of jails based on size. *Id.* at 12770. The rate caps, which were made effective immediately, ranged from 14 cents to 49 cents per minute, but were set to decrease on July 1, 2018, from 11 cents to 22 cents per minute. *Id.*

ICS providers separately petitioned for review, and in 2016, these petitions were consolidated. *Global Tel*Link v. FCC*, 866 F.3d 397, 405 (D.C. Cir. 2017). The DC Circuit Court of Appeals stayed FCC's *Order* on March 7, 2016, but the *Interim Order* for interstate rates remained in effect. *Id.* at 406; Order, *Global Tel*Link, et al. v. FCC, No. 15-1461* (D.C. Cir. Mar. 7, 2016); Order, *Global Tel*Link v. FCC,* No. 15-1461 (D.C. Cir. Mar. 23, 2016). Those rates were 21 cents per minute for interstate debit and prepaid calls and 25 cents per minute for collect interstate calls. *Interim Order* at 14111.

In August 2016, the FCC, on reconsideration of FCC's *Order*, raised the rate cap to account for a small portion of site commissions. *In the Matter of Rates for Interstate Inmate Calling Services*, 31 FCC Rcd. 9300 (Aug. 4, 2016) [Hereinafter "*Reconsideration Order*"]. Again, ICS providers petitioned for review, and the DC Circuit Court of Appeals stayed the *Reconsideration Order*. *Securus Techs., Inc. v. FCC*, No. 16-1321, 2016 WL 6591778 (D.C. Cir. Nov. 2, 2016).

Currently, there is no FCC regulation requiring ICS providers to charge 11 cents per minute, and Muzamhindo's case should be dismissed pursuant to 28 U.S.C. § 1915 (e)(2). As Muzamhindo pointed out in his complaint, the *Order* adopting 11 cents per minute and the *Reconsideration Order* never went into effect. (ECF. No. 7:3); *Global Tel\*Link v. FCC,* No. 15-1461 (D.C. Cir. Mar. 7, 2016); *Securus Techs. v. FCC*, No. 16-1321, 2016 WL 6591778 (D.C. Cir. Nov. 2, 2016).

The *Interim Order* for interstate ICS calls is in effect and those rates are 21 cents per minute for interstate debit and prepaid calls and 25 cents per minute for collect interstate calls. *Interim Order* at 14111: FEDERAL COMMUNICATIONS COMMISSION, *Inmate Telephone Service*, https://www.fcc.gov/consumers/guides/inmate-telephone-service (last visited Sept. 20, 2018). In accordance with the *Interim Order*, Defendant Securus charged Muzamhindo 21 cents per minute for his interstate phone calls at WTDC. (ECF. No. 7:2). Thus, the defendants did not violate Muzamhindo's federal rights by charging him 21 cents per minute for his interstate phone calls.

## IV. CONCLUSION

Because there is no FCC rule that requires ICS providers to charge 11 cents per minute for interstate calls, the Court **RECOMMENDS** that the case should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915.

The Court **FURTHER RECOMMENDS** that all pending motions be **DENIED** as **MOOT**.

**SIGNED** this 21st day of September, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**